# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BODNAR,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | 1:16-cv-01398-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR AN EMERGENCY INJUNCTION<br><br>(ECF No. 9) |

Plaintiff Thomas Bodnar is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (ECF No. 6.)

Currently before the Court is Plaintiff's motion requesting an emergency injunction, filed April 12, 2017. (ECF No. 9.)

**I.**

**DISCUSSION**

In his motion, Plaintiff states that he is due to be released from prison on May 145, 2017 on parole, and his parole conditions do not allow him to have a P.O. Box or access to a computer. (ECF No. 9.) Plaintiff states that this would prevent him from litigating his case, as he will be homeless and will have no address for his legal mail, or access to a computer for legal research. Plaintiff further states that he sent a complaint to his parole officer, and the officer responded that Plaintiff could have mail, including legal mail, sent to the parole office, and that he could access a computer at the parole office where his computer use would be supervised.

1

Plaintiff asserts that the accommodation he is being offered does not afford him sufficient due process because the parole officer would "look over my shoulder and watch how and what I do to litigate my case against CDCR," and because his access to mail may be delayed by these arrangements. Plaintiff wishes to purchase a laptop with parental control software that only allows administrative access to the parole officer, and to be allowed to obtain a P.O. Box or a similar UPS store mailbox. Plaintiff seeks for an order to be issued against the California Department of Corrections and Rehabilitation ("CDCR") Sex Offenders Unit in Sacramento, California, and against the CDCR DAPO-SBA office in San Bernardino, California.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93 (2009); Mayfield v. United

States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

Plaintiff has not met the requirements for the emergency injunctive relief he seeks in this motion. Plaintiff's complaint has not yet been screened, and the Court has not yet determined whether he has stated any cognizable claims. No defendant has been ordered served, and no defendant has yet made an appearance. Plaintiff's complaint concerns claims against certain prison medical officials and CDCR as regards allegations of denied and delayed medical care, not any claims related to his parole conditions. Thus, there is no jurisdiction in this action for the specific forms of injunctive relief Plaintiff is requesting as regards modification of his parole conditions. Nor does the Court find that Plaintiff has shown any irreparable harm justifying the need for the extraordinary need requested here, as he concedes he is being accommodated with access to legal mail and a computer. To the extent Plaintiff may require additional time to meet a deadline in this case, he may request an extension of time supported by good cause prior to the expiration of that deadline.

## II.

## CONCLUSION

Accordingly, Plaintiff's motion requesting an emergency injunction, filed on April 12, 2017 (ECF No 9), is DENIED.

IT IS SO ORDERED.

Dated: __April 14, 2017__

_____
UNITED STATES MAGISTRATE JUDGE