# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| THOMAS BODNAR, | Case No. 1:16-cv-01398-SAB (PC) |
|---|---|
| Plaintiff, | ORDER DENYING REQUEST FOR CHANGE OF VENUE |
| v. | (ECF No. 12) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

## I.

## INTRODUCTION

Plaintiff Thomas Bodnar is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (ECF No. 6.)

Currently before the Court is Plaintiff's motion for a change of venue, filed May 5, 2017. (ECF No. 12.) Plaintiff requests a change of venue to the United States District Court for the Central District of California, Riverside Division. Plaintiff asserts that he will be paroling to Riverside County, and it will be more convenient for him to appear in court there, as travel to Fresno is over the limit. Further, he would like to be saved the filing fee rather than voluntarily

dismissing this action and re-filing it in Riverside County. Plaintiff also argues that because his case is in screening, it will not matter to any other party that this action is transferred. Finally, Plaintiff argues that this transfer serves the interests of justice, the Court, and all parties.

## II.

## LEGAL STANDARD

Venue is governed by 28 U.S.C. § 1391 which provides that a civil action, other than one based on diversity, be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Where a court finds that venue is proper, it may still transfer an action to another district in which it could have been brought "[f]or the convenience of the parties and witnesses, [or] in the interest of justice[.] 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

Once the court has determined that venue is proper, the moving party must present strong grounds for transferring the action. Safarian v. Maserati N. Am., Inc., 559 F.Supp.2d 1068, 1071 (C.D. Cal. 2008). In making the inquiry regarding whether the action should be transferred, "the court should consider private and public interest factors affecting the convenience of the forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

## III.

## DISCUSSION

Venue is appropriate in the United States District Court for the Eastern District of California, Fresno Division, in this case. Plaintiff asserts claims regarding events that occurred at

Valley State Prison in Chowchilla, California, against defendants who are allegedly employed at that institution and reside in this district. See Local Rule 120(d).

The Court does not find that the relevant factors weigh in favor of transferring this action to Plaintiff's preferred district here. Although Plaintiff's convenience may best be served by litigating in a court located more closely to his future residence, all of the defendants currently reside within the Fresno Division of the Eastern District of California. Thus, transferring the venue would merely shift the inconvenience of travel from Plaintiff to defendants, assuming this action is served on these defendants and the action proceeds against any of them. A transfer of venue is not appropriate merely to shift the inconvenience from one party in the action to another. Safarian v. Maserati N. Am., Inc., 559 F.Supp.2d 1068, 1071 (C.D. Cal. 2008); Galli v. Travelhost, Inc., 603 F. Supp. 1260, 1262 (D. Nev. 1985).

Similarly, the expected witnesses and other evidence are likely to be located in this district, not in the Central District of California. Plaintiff has not presented any arguments or evidence that judicial economy regarding these factors is best served by a change of venue. "Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify[.]" Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1095 (N.D. Cal. 2013). See also Welenco, Inc. v. Corbell, No. CIV. S-13-0287 KJM, 2014 WL 130526, at *7 (E.D. Cal. Jan. 14, 2014) ("Convenience of nonparty witnesses is often the most important factor in the section 1404(a) calculus.").

Public interest factors also weigh in favor of denying a change of venue here, such as the local interests in deciding local controversies, and the need to avoid burdening citizens in an unrelated forum with jury duty. See Park, 964 F. Supp. 2d at 1096. As noted above, the incidents alleged in this action happened in Chowchilla, California, in this district, and thus local interests weigh in favor of having the matter decided here.

Accordingly, at this time, Plaintiff has not met his burden of demonstrating a strong showing to justify transferring this action to the Central District of California, Riverside Division.

///

Plaintiff is informed that if he requires any extensions of time regarding any deadlines, or other reasonable accommodations, due to his being located in another district following parole, he may make a request supported by good cause.

## IV.
## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request for change of venue, filed May 5, 2017 (ECF No. 12), is DENIED.

IT IS SO ORDERED.

Dated: __**May 9, 2017**__

UNITED STATES MAGISTRATE JUDGE