# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BODNAR,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants | Case No. 1:16-cv-01398-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO AMEND COMPLAINT<br>(ECF No. 17)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR AN ORDER DIRECTING FACILITY TO MAKE LEGAL COPIES<br>(ECF No. 18)<br><br>ORDER DENYING REQUEST FOR AN ORDER DIRECTING JAIL TO STOP OPENING LEGAL MAIL<br>(ECF No. 19) |

Plaintiff Thomas Bodnar is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983

Currently before the Court are three motions by Plaintiff, all filed on May 30, 2017: (1) a motion for an extension of time to amend his complaint; (2) a motion for an order directing a correctional facility to make legal copies for Plaintiff; and (3) a motion for an order directing the jail not to open Plaintiff's legal mail. (ECF Nos. 17, 18, 19.) The Court will address each motion in turn.

**I.**

**EXTENSION OF TIME**

Plaintiff requests a thirty-day extension of time to amend his complaint, stating that he has not had sufficient law library access yet to work on the complaint.

1

Good cause being shown, the Court GRANTS Plaintiff's request for an extension of time. Plaintiff shall file his amended complaint or notice of voluntary dismissal on or before thirty (30) days from the date of service of this order.

## II.

## REQUEST FOR COPIES

Plaintiff next requests that the Court issue an order directing the jail commander at the correctional facility where he is being held to make legal copies for Plaintiff. Plaintiff states that he asked the deputy about copying legal work, and was told that they do not make legal copies. Plaintiff states that this means he will have to send his only copy out when need be, which infringes on his access to the courts.

The order requested by Plaintiff is a form of preliminary injunction. The federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103–04, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir.2010).

This action concerns Plaintiff's allegations of the denial of medical care while he was housed at Valley State Prison. Plaintiff's original complaint was dismissed with leave to amend, and thus no complaint has yet been served nor have any defendants appeared.

Plaintiff's request for copies has no relation to the defendants he has named or the causes of action this matter concerns. There is no jurisdiction generally over the jail commander at the jail where Plaintiff is currently being held. Thus, the pendency of this action provides no basis upon which to award Plaintiff injunctive relief. Steel Co., 523 U.S. at 102–103.

Furthermore, although inmates do have a constitutional right to access to the courts, it does not include unlimited access to the law library and photocopies. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989) overruled on other grounds by Lewis v. Casey, 581 U.S. 343, 350–55 (1996). There is no authority, statutory or Constitutional, that requires a State to provide free

1 copying services for pleadings and papers to be filed with the court. Also, prison administrators
2 "should be accorded wide-ranging deference in the adoption and execution of policies and
3 practices that in their judgment are needed to preserve internal order and discipline and to
4 maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321–322, 106 S. Ct. 1078, 89
5 L. Ed. 2d 251 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed. 2d
6 447 (1970).

Based on the foregoing, the Court will not order the jail commander to provide Plaintiff with legal copying services. Should Plaintiff decide to make hand-written copies of any filings for his records and require additional time, he may request an extension of time supported by good cause. Also, Plaintiff is informed that he may request copies of court filings from the Clerk's Office of the Court of up to 20 pages at a charge of $.50 per page.

### III.

### LEGAL MAIL

Finally, Plaintiff seeks an order or injunction directing the jail commander and mailroom staff to stop opening incoming legal mail outside of the presence of the inmate. Plaintiff declares in support that he received legal mail from the Ninth Circuit Court of Appeals, and two orders from this Court, which were opened by the mailroom. Plaintiff states that he was informed that unless the letters are properly labeled as legal mail on the envelope, they will be opened outside of his presence.

Plaintiff asserts that these procedures violate his rights. Plaintiff requests that the Court issue an order to the jail commander at his facility, and the Riverside County Sherriff, that incoming mail from a court, whether it is marked legal mail or not, must be opened in front of the inmate addressee.

As discussed above, the pendency of this action does not provide jurisdiction over non-parties for matters which are not related to the issues in this case. Thus, the Court is unable to award injunctive relief like the Plaintiff seeks against the non-party jail commander for mail-related issues, which are not related to the medical claims at issue here.

///

Further, although prisoners have a protected interest in having certain legal mail opened only in their presence, such mail must be properly marked legal mail. See Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). Also, generally prison or jail officials are not prohibited from opening and scanning mail sent by the courts outside of an inmate's presence. See id. (quoting Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail.")). Accordingly, Plaintiff's motion for an injunction requiring the jail commander to open mail from the courts in his presence, even if it is not properly-marked legal mail, is denied.

## IV.

## CONCLUSION

For these reasons, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for an extension of time to amend his complaint (ECF No. 17), is GRANTED. Plaintiff's amended complaint or notice of voluntary dismissal is due thirty (30) days from the date of service of this order;

2. Plaintiff's motion for an order directing a correctional facility to make legal copies for Plaintiff (ECF No. 18), is DENIED; and

3. Plaintiff's motion for an order directing the jail not to open Plaintiff's mail from the courts, regardless of labelling (ECF No. 19), is DENIED.

IT IS SO ORDERED.

Dated: **June 2, 2017**

UNITED STATES MAGISTRATE JUDGE